# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| TAMERA L. BATEMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-196-JEM |
| | ) | |
| ANDREW SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Tamera L. Bateman on May 18, 2018, and Plaintiff's Opening Brief [DE 14], filed September 20, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 28, 2018, the Commissioner filed a response, and on February 5, 2019, Plaintiff filed a reply.

## I.    Background

On February 18, 2014, Plaintiff filed applications for benefits alleging that she became disabled on January 1, 2014. Plaintiff's application was denied initially and upon reconsideration. On May 23, 2016, Administrative Law Judge ("ALJ") Dennis Kramer held a video hearing, at which Plaintiff, with an attorney, a medical expert ("ME"), and a vocational expert ("VE") testified. On June 21, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant's date last insured was December 31, 2018.

2.     The claimant has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date.

3.     The claimant has the following severe impairments: hepatitis C,

osteoarthritis of the spine and knees, irritable bowel syndrome and headaches.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except the claimant is able to sit for four hours in an eight hour workday, is unable to climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl and must avoid all exposure to hazards such as unprotected heights and dangerous machinery, more than occasional exposure to operating a motor vehicle and excessive vibrations and more than frequent exposure to humidity and wetness, pulmonary irritants such as dust, fumes and gasses and extreme heat.

6. The claimant is capable of performing past relevant work as a cashier, fast food worker, sandwich maker, and waitress. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 25]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II. Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will

reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the

agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ erred both in his subjective symptom analysis and in weighing the opinion of Plaintiff's treating physician.

Plaintiff asserts that the ALJ failed to properly analyze her subjective symptoms as required by the using the factors in SSR 16-3p. When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 (Oct. 25, 2017). A finding of disability cannot be supported by subjective allegations of disabling symptoms alone. *Id.* Instead, the ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the factors listed in 20 C.F.R. § 416.929(c)(3). The ALJ is not permitted to

> make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.' It is also not enough for [ALJs] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms.

SSR 16-3p, 2016 SSR LEXIS 4, *26, 2017 WL 5180304 at *9 (emphasis added).

4

In this case, the ALJ concluded that Plaintiff's allegations were not consistent with the objective evidence. The ALJ stated that "[n]otes from physical examinations are mostly within normal limits," finding that to be "inconsistent with the claimant's testimony that she spends three to four days in bed due to her back pain." AR 22. That conclusory statement makes it unclear which of Plaintiff's statements the ALJ dismissed and for what reasons, leaving the reviewer without "an accurate and logical bridge" to the ALJ's conclusions. *See Clifford*, 227 F.3d at 872 (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical evidence").

To assess Plaintiff's allegations as a whole, the ALJ must "evaluate whether [those] statements are consistent with objective medical evidence and the other evidence" and "explain" which symptoms were found to be consistent or inconsistent with the evidence. SSR 16-3p, 2016 SSR LEXIS 4, *15, 2016 WL 1119029 (Mar. 16, 2016), at *6, *8; *see also Zurawski*, 245 F.3d at 887 (remanding where the ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford,* 227 F.3d at 870-72). "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin,* 837 F.3d 771, 777 (7th Cir. 2016); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain."). In this case, the ALJ not only offered no real analysis, but relied solely on limited portions of the objective evidence, in contravention of Agency Regulations. The ALJ completely failed to discuss Plaintiff's testimony regarding the fatigue related to her hepatitis C,

5

her difficulties with lifting, sitting, standing, and walking, or Plaintiff's restricted daily activities. This lack of analysis provides grounds for remand.

In addition to failing to explain how (or if) he weighed the evidence, Plaintiff argues that the ALJ also cherry-picked evidence when he stated that Plaintiff had examinations "mostly within normal limits." AR 22. *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). The Commissioner argues that the ALJ discussed other evidence elsewhere in the decision. However, merely listing evidence in another portion of the decision is not an adequate analysis of the evidence with regards to Plaintiff's subjective symptoms.

In addition to failing to adequately analyze Plaintiff's subjective symptoms, Plaintiff argues that the ALJ also erred by failing to properly weigh the opinion of her treating physician.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length,

nature, and extent of the physician's treatment relationship with the claimants; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Plaintiff's treating physician completed a medical source statement on May 20, 2016. AR 546-50. He opined that Plaintiff could only walk for one and a half blocks, could only sit for ten minutes at a time, and could only stand for ten minutes at a time. AR 547. He opined that Plaintiff could sit for less than two hours total in an eight-hour day, could stand/walk for less than two hours a day, and would need unscheduled fifteen-minute breaks every ten minutes. AR 547-48. He also opined that Plaintiff could rarely lift less than ten pounds, would be off task for twenty percent of the day, was incapable of even "low stress" work, and would miss more than four days per month. AR 548-49. The ALJ gave the medical source assessments

> little weight, as they are not consistent with the record, which indicates that the claimant has longitudinally had full strength, range of motion and sensation of her upper and lower extremities, that she has full grip and dexterity bilaterally, that she is able to walk with a normal gait unassisted and that she has managed her symptoms through the use of conservative treatment.

AR 23.

Plaintiff argues that the ALJ mischaracterized the evidence in the record to reach this conclusion. The ALJ did not cite to any medical records that support his assertions and failed to address the medical records that support the conclusions of Plaintiff's treating physician. For

7

example, the ALJ failed to mention the consultative examination that showed positive bilateral straight leg raise testing, spinous and paraspinal tenderness in the lumbar region with restricted range of motion, and difficulty with stooping, squatting, heel to toe walk, and tandem walk, AR 358, or treatment notes from the physician who wrote the medical source statement noting a decreased lumbar range of motion with bony tenderness and pain. AR 396. The ALJ mischaracterized the evidence by stating that the record reflected full strength "longitudinally" in order to discount the opinion of Plaintiff's treating physician and did not address the treatment relationship or explain how the other factors he was required to consider affected his analysis of what weight to give the opinion. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The only other reason identified by the ALJ for discounting the opinion of Plaintiff's treating physician is that "Gilberto Munoz, M.D., an impartial medical expert, indicated that [the treating physician]'s opinions are inconsistent with the medical evidence." AR 23. However, "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel,* 345 F.3d at 470. Although the ALJ did not rely solely on the non-examining medical expert's opinion to discredit the treating physician, the analysis of the medical source statement fails for the reasons described above.

The ALJ erred in analyzing Plaintiff's subjective symptoms and in weighing the opinion of Plaintiff's treating physician. This case is being remanded for the ALJ to conduct a thorough analysis of the medical evidence. On remand, the Court reminds the ALJ of the need to build a

logical bridge between the evidence in the record and the ultimate conclusions. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion.").

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Plaintiff's Opening Brief [DE 14], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 8th day of August, 2019.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:   All counsel of record